ELLEN O'BRIEN, as Administratrix, etc., of THOMAS H. O'BRIEN, Deceased, Appellant, *v.* CENTRAL RAILROAD OF NEW JERSEY, Respondent.

*Negligence— a charge that it must be shown that if a decedent had been aware of the approach of a train he would have stopped sooner is improper.*

Where the evidence, given in an action to recover damages resulting from the death of the plaintiff's intestate, who was killed at a highway crossing by one of the defendant's trains, tends to establish that the intestate, who did not see or hear the train, in the exercise of reasonable care, drove to within twenty-five feet of the defendant's tracks, and that at this point his horse became unmanageable, and, despite the efforts of the intestate, bolted upon the track in front of the train, which was running at the rate of a mile a minute, and had given no signal of its approach, it is error for the court to charge the jury that the plaintiff, in order to recover, must "establish to your satisfaction that, if the decedent had been aware of the approach of the train, he would not have proceeded on to the point at which he tried to stop his horse."

GOODRICH, P. J., and SEWELL, J., dissented.

APPEAL by the plaintiff, Ellen O'Brien, as administratrix, etc., of Thomas H. O'Brien, deceased, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Kings on the 25th day of May, 1900, upon the verdict of a jury, and also from an order entered in said clerk's office on the 6th day of June, 1900, denying the plaintiff's motion for a new trial made upon the minutes.

*Charles J. Patterson,* for the appellant.

*Robert Thorne,* for the respondent.

HIRSCHBERG, J. :

The plaintiff's intestate was killed at a highway crossing by one of defendant's trains running at the rate of a mile a minute. He was driving. There was a sharp conflict as to the circumstances, but the jury could have found from the evidence that the train came upon the crossing without warning or signal of any kind, and that the plaintiff's intestate without seeing or hearing the train, but in the exercise of reasonable and proper care, had driven to within twenty-five feet of the defendant's tracks. There was evidence tending to show that at this point the horse became unmanageable, and despite the efforts made by the deceased to restrain him, bolted upon the track in front of the train. A number of questions are presented upon the appeal, but one alone is deemed necessary to consider in the view taken by the majority of the court.

The learned trial justice charged the jury with general accuracy upon the questions of the defendant's negligence and the freedom of plaintiff's decedent from contributory negligence, as conditions to be affirmatively established by her precedent to a right of recovery, but he added this: "Plaintiff must further establish to your satisfaction that if the decedent had been aware of the approach of the train he would not have proceeded on to the point at which he tried to stop his horse." This portion of the charge was excepted to by the plaintiff's counsel as follows: "I also except to that part of the charge in which you say that plaintiff could not recover unless the plaintiff convinced the jury that the deceased would have stopped before reaching the point where he did stop if he had become previously aware of the approach of the train." The exception fairly

stated the tenor of the charge, and as no qualification was made to the charge by the court, it must be assumed on this appeal that the jury found the defendant blamable and the plaintiff's decedent free from blame under the conditions actually existing, but defeated the plaintiff because of her failure to show what her decedent would have done under the hypothetical circumstances suggested by the court.

On the denial of the plaintiff's motion for a new trial the learned trial justice wrote a memorandum in which occurs the following: "I further charged the jury that even if they should find he did not see the train, but drove on to the point where he pulled up his horse in ignorance of its approach, that they should not find for the plaintiff unless they were satisfied that had he been aware of the approaching train he would not have driven to that point, because otherwise the lack of signals would not be the cause of the accident. * * * If the point to which decedent purposely drove was still in his mind a place of safety, which may very well be, it is a fair question whether he would not have driven there, though he had heard all the signals in the world. The relation of cause and effect between the lack of signals and the accident absolutely fails in that case. In that case the accident becomes a simple misfortune due to the bolting of the horse. The burden was on the plaintiff to convince the jury not only of neglect on the defendant's part in making signals, but that such negligence caused the accident. It was for the jury to say whether the place to which decedent purposely drove was so essentially dangerous or so dangerous in the decedent's mind that, crediting him with common prudence, he would not have driven there had he been aware of the approaching train; whether his driving to that point was to be attributed to his ignorance of the situation or not."

Of course, there can be no accident in any case unless the injured person in some way becomes present at the scene of danger. All the law requires of him, however, is that he shall be absolved from contributory blame in the events which actually occur. If he is so absolved there may be a recovery, and no case is cited for the proposition that he must also prove that he would have been equally cautious under a different state of facts. It has never been held that his mere presence at the place where he received his injury was in itself a cause of the accident, so far as to bar a recovery unless

he could prove affirmatively that he would not have been there at all if the accident had been foretold to him. In most instances where death results the establishment of such a fact by finite proof would be a psychological impossibility. Cases may arise in which it would be easy to prove that warnings, if given, would be unheeded and, therefore, ineffectual; but it will seldom happen that the legal representatives of a deceased person can establish affirmatively the converse, viz., that the deceased would in fact have heeded warnings which were never given, or that he would have acted in such manner as would have been regarded as prudent by a jury if he had discovered his danger sooner than he did. In this case the plaintiff was physically incapable of making the proof which the court required, and the burden imposed on her practically deprived her of all right to a verdict.

The charge cannot be regarded as in effect one which deprived the plaintiff of a right to recover only in case the decedent voluntarily placed himself in a position of danger. It may be conceded that if the jury found that the decedent did in fact see the train coming and yet intentionally drove to within twenty-five feet of the track and there tried in vain to restrain his horse, they would be justified in rendering a verdict for the defendant. But the proposition as charged is essentially different. It was to the effect that if the deceased drove to within twenty-five feet of the track innocently and without seeing the train and without receiving any warning signal, there could, nevertheless, be no recovery unless it were also proved that he would have stopped sooner had he been warned or had he in any manner become aware of the approaching train. By this charge the plaintiff was required to establish not only freedom from blame under the facts of the case, but also freedom from blame under other and different facts not really existing but assumed by the court and in which the conduct of the deceased would be necessarily in imagination only, and, therefore, beyond the pale of forensic scrutiny.

The judgment and order should be reversed.

All concurred, except GOODRICH, P. J., and SEWELL, J., dissenting.

Judgment and order reversed and new trial granted, costs to abide the event.